**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 15-3879
_____

DEONNE NEW-HOWARD; EDGAR HOWARD,

v.

JP MORGAN CHASE BANK, NA

Deonne New-Howard,
                                    Appellant
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(E.D. Pa. No. 11-cv-02855)
District Judge: Honorable J. Curtis Joyner
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
August 11, 2016

Before:  JORDAN, VANASKIE and SCIRICA, <u>Circuit</u> <u>Judges</u>

(Filed: September 6, 2016)
_____

OPINION*
_____

PER CURIAM

Deonne New-Howard appeals from an order of the District Court dismissing her one remaining claim for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). For the reasons that follow, we will affirm.

On January 11, 2011, New-Howard filed a civil action in the Philadelphia Court of Common Pleas, asserting both federal and state statutory claims against JP Morgan Chase Bank ("the Bank"), which the Bank then removed to federal court, see 28 U.S.C. §§ 1331 and 1332. Specifically, New-Howard asserted violations of the Pennsylvania Fair Credit Extension Uniformity Act ("FCEUA"), 73 Pa. Stat. Ann. § 2270.1, et seq., the Pennsylvania Unfair Trade Practices and Consumer Protection Law ("UTPCPL"), 23 Pa. Stat. Ann. § 201-1, et seq., and the federal Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, et seq. New-Howard filed an amended complaint asserting claims that, since approximately 2008, the Bank improperly serviced: (1) a mortgage loan secured by a residential property located at 6856 North Woolston Avenue in Philadelphia ("Woolston loan"); and (2) a mortgage loan secured by a residential property located at 5900 Addison Street in Philadelphia ("Addison loan"). The alleged improper servicing allegations appear to have related largely to the hazard insurance required under the terms of the mortgage. When New-Howard failed to pay for hazard insurance the Bank obtained coverage and increased New-Howard's monthly payment significantly.

On June 5, 2012, the Bank filed a motion for summary judgment, Fed. R. Civ. P. 56(a), on all claims as to both loans. The District Court then conducted a settlement conference and instructed New-Howard to submit modification applications for both

2

loans. In February 2013, the Addison loan was modified, and New-Howard dismissed all claims regarding that loan. The Bank declined to modify the Woolston loan. On November 20, 2013, the District Court granted summary judgment on all remaining claims in the Bank's favor, except for a claim arising under the "catch-all provision" of the state UTPCPL as to the Woolston loan. In granting summary judgment on the other claims, the Court held that New-Howard's claim of a violation of the FCEUA failed as a matter of law, see Fed. R. Civ. P. 56(a), because the Woolston loan was a purchase money mortgage, and a "debt" as defined by 73 Pa. Cons. Stat. Ann. § 2270.3 does not include money owed as a result of a loan secured by a purchase money mortgage. The Court reasoned that purchase money mortgages are explicitly excluded by the reach of the FCEUA. The Court concluded that summary judgment was proper on the claim of a violation of the federal FDCPA because the Bank did not act as a "debt collector" within the meaning of the statute; the Bank was instead a creditor who was attempting to collect a debt owed to itself, see 15 U.S.C. § 1692a(6).

On July 6, 2014, New-Howard filed a motion to amend her complaint, seeking to revive claims that were previously settled or for which summary judgment was already granted by the District Court. However, she also claimed that, although she had made the required payments on the Addison loan from February 2013 through February 2014, after February 2014, the Bank had refused to accept any more payments and thus was in violation of the settlement agreement. The Bank submitted a response in opposition to the motion to amend, asserting that New-Howard had stopped remitting payments on the Addison loan. Again the dispute between the parties seemed to involve hazard insurance,

3

and possibly also taxes. On August 12, 2014, the District Court denied the motion to amend for the most part but granted New-Howard leave to add a new claim that the Bank had breached the February 2013 Addison loan settlement agreement.

When New-Howard then failed to file the amendment, the District Court issued a Show Cause order and directed her to file her amendment by October 22, 2014. On that date New-Howard sought an additional 30 days in which to file the amendment. The District Court then granted her an additional extension and directed that her amendment be filed by November 14, 2014. New-Howard missed that deadline too. The District Court declined to grant an additional extension. The District Court scheduled New-Howard's only remaining claim – the one arising under the "catch-all provision" of the state UTPCPL as to the Woolston loan -- for arbitration. New-Howard sought reconsideration of the Court's order declining to give her any further extensions and again filed a motion for leave to file an amended complaint. On December 24, 2014, the District Court denied reconsideration and denied New-Howard's most recent motion for leave to file an amended complaint.

Following arbitration on her only remaining claim, New-Howard requested a trial *de novo* and the District Court set a bench trial for November 2, 2015 at 10:00 a.m. On August 11, 2015, the District Court conducted a telephone conference with the parties, including New-Howard. On August 13, 2015, the District Court issued an order directing that each party's pretrial memorandum and exhibit and witness lists were due by October 15, 2015. New-Howard did not comply with this order. Instead, on October 9, 2015, she filed yet another request to amend her complaint, in which she named as new defendants

4

the Bank's counsel, claiming that they had made false representations to the Court in a memorandum of law submitted 14 months earlier. On October 21, 2015, the District Court denied this motion, finding that the delay in making the request for an amendment would prejudice the Bank, given the impending trial date.

On October 23, 2015, the Bank filed a motion, seeking to preclude New-Howard from introducing exhibits or witnesses at trial or, in the alternative, seeking the sanction of dismissal pursuant to Federal Rules of Civil Procedure 37 and 41(b). The Bank argued that New-Howard had failed to prosecute the action in that she had failed to provide any pretrial submissions. The Bank asserted that, with the trial only a week away, it had no idea what documents or witnesses New-Howard intended to present and thus could not properly prepare for trial.

On October 30, 2015, the District Court denied the Bank's motion to sanction after applying our decision in Poulis v. State Farm Fire & Casualty Co., 747 F.2d 863, 868 (3d Cir. 1984). The Court found that, while there was a history of delay on New-Howard's part, there was no evidence of bad faith and the delay had primarily prejudiced her own case. In its Order, the District Court found that precluding New-Howard from introducing exhibits or witnesses at trial would be an effective alternative sanction to dismissal, and stated that it would determine at the time of the trial whether or not any exhibit or testimony actually would be excluded.

On November 2, 2015 at 10:00 a.m., New-Howard did not appear for trial. The District Court reconvened at 10:30 a.m., and New-Howard was still absent. The Bank renewed its motion for sanctions, including dismissal for lack of prosecution. The

5

District Court then went on the record to find cause for reconsidering the Bank's motion for dismissal as a sanction and dismissed New-Howard's remaining claim on the basis of the Bank's renewed motion and her failure to appear.

New-Howard appeals. We have jurisdiction under 28 U.S.C. § 1291. In her Informal Brief, New-Howard confines her discussion to dubious allegations of "extrinsic and intrinsic" fraud on the District Court perpetrated by opposing counsel, frivolous allegations of a void or voidable judgment, and arguments concerning the merits of her civil action. For example, she has asked us to declare that the Woolston property is "free and clear." Informal Brief, at 13. She does not discuss the District Court's actual reason -- her failure to appear for trial -- for dismissing her remaining claim.

We will affirm. We review a District Court's dismissal of a civil action for failure to prosecute for an abuse of discretion. See Emerson v. Thiel College, 296 F.3d 184, 190 (3d Cir. 2002). The District Court has the discretion to dismiss a case with prejudice "[if] the plaintiff fails to prosecute or to comply with [the rules of civil procedure] or a court order …. " Fed. R. Civ. P. 41(b). Dismissal of an action is a sanction of last resort. See Hicks v. Feeney, 850 F.2d 152, 156 (3d Cir. 1988). In Poulis, 747 F.2d 863, we directed District Courts to balance six factors in determining whether a dismissal with prejudice is an appropriate sanction. Those six factors include: (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the conduct at issue; (3) a history of dilatoriness; (4) whether the conduct of the party was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the merits of the claim. Id. at 868.

6

The District Court properly analyzed and balanced the six <u>Poulis</u> factors and acted within its discretion in dismissing New-Howard's remaining claim. New-Howard did not comply with the Court's pretrial scheduling order and then failed to appear for trial. Her own actions in failing to comply with the pretrial scheduling order caused prejudice to the Bank's preparation for trial, and she demonstrated willful disregard of the District Court's orders by filing numerous motions to amend instead of filing her pretrial submissions and appearing for trial. The record shows a substantial history of dilatoriness on New-Howard's part, especially with respect to relitigating issues which were previously ruled upon or settled. We note that the District Court preliminarily gave New-Howard the benefit of the doubt with respect to the question of bad faith, and afforded her the opportunity to present at trial the reasons for her failure to comply with the pretrial scheduling order. She then failed to appear for her trial or explain her conduct. It necessarily follows that the District Court correctly found that sanctions other than dismissal would not be effective.

As to the question of merit, we note that New-Howard's remaining claim that the Bank violated § 201-2(4)(xxi) (defining unfair practices to include "[e]ngaging in any other fraudulent or deceptive conduct which creates a likelihood of confusion or of misunderstanding") of the UTPCPL, survived the Bank's summary judgment motion. New-Howard claimed that a payment plan created by the Bank was deceptive, and that the Bank improperly denied her application for a modification of the Woolston Loan. In determining that there was sufficient evidence favoring New-Howard for a jury to return a verdict for her, see <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 249 (1986), the

7

District Court observed that New-Howard alleged specific actions taken by EMC Mortgage Corporation[1] which were deceptive, including sending notice listing the current amount due as $393.16 after informing her that the new monthly payment was $667.18; assessing late fees on the same day as it issued two statements; increasing the rate of late fees without explanation; and telling her to refrain from making payments while approval of a repayment plan was pending. The District Court also determined that New-Howard had successfully demonstrated an ascertainable loss sufficient to sustain a claim under the UPTCPL. Nevertheless, the potential merit of this claim does not provide a basis for overturning the District Court's decision to dismiss it with prejudice. Where a plaintiff like New-Howard successfully shows in opposing a motion for summary judgment that she has an issue for trial, and then fails to appear for that trial or contact the Court to explain her actions, the Court is out of options for bringing a case to a conclusion on the merits. Here, the District Court was generous in accommodating New-Howard's litigation needs until it was no longer reasonable to do so.

For the foregoing reasons, we will affirm the order of the District Court dismissing New-Howard's civil action with prejudice for failure to prosecute.

---

[1] In April 2011, the assets of EMC Mortgage were transferred to JPMorgan Chase Bank, thus making the Bank the successor in interest and the proper defendant in this action.